[Cite as *State v. Broom*, 2024-Ohio-5644.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2024-0051 |
| JAMIE BROOM | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |


CHARACTER OF PROCEEDING:    Appeal from the Muskingum County Court
of Common Pleas, Case No. CR2023-0820


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    December 2, 2024


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

JOSEPH PALMER      APRIL F. CAMPBELL
Assistant Prosecutor      545 Metro Place South, Ste. 100
27 North 5th Street, #201      Dublin, OH 43017
Zanesville, OH 43701

*Gwin, P.J.*

{¶1} This matter comes before the Court upon the Motion to Withdraw and *Anders* brief filed by April F. Campbell, counsel for Defendant-appellant Jamie Broom ["Broom"] after his conviction and sentence following a negotiated guilty plea in the Muskingum County Court of Common Pleas. The state has not filed a brief.

*Facts and Procedural History*

{¶2} On December 12, 2023, at approximately 2:42 a.m., Lieutenant Wade Kanavel of the Muskingum County Sheriff's Office conducted a traffic stop on Interstate Route 70 westbound of a gray Ford Fusion. The vehicle was later confirmed to be driven by Broom.

{¶3} The reason for the traffic stop was a marked lane violation and improper display of the rear registration plate. Lieutenant Kanavel activated his overhead lights. The Fusion did not come to a stop until about a half mile later. As the Fusion was nearly at a stop, Kanavel observed movement from inside the vehicle, mainly coming from the front passenger who was later identified as Tereka Daniels. At that time Lieutenant Kanavel observed a silver handgun being tossed from the passenger side window. The handgun landed on the pavement near the guardrail. Lieutenant Kanavel gave three to four verbal commands for the pair to keep their hands so that he could see them. They did not comply, and the vehicle quickly sped away back onto westbound Interstate Route 70.

{¶4} Lieutenant Kanavel, as well as additional deputies from the Sheriff's office, began a pursuit of the Fusion that lasted for approximately 7 miles, reaching speeds over one hundred miles per hour. During the chase, Lieutenant Kanavel observed bags of a

suspected narcotic being thrown from the vehicle. When the bags would hit the ground, a white powdery substance could be seen coming from them.

{¶5}    Finally, when the vehicle did come to a stop, Broom exited the vehicle and was apprehended after a short foot pursuit. Miss Daniels stayed inside of the vehicle. The firearm and the substances were recovered, and sent for testing.

{¶6}    Broom was indicted by the Muskingum County Grand Jury for: Count One, Failure to Comply with an Order or Signal of a Police Officer, risking serious physical harm to persons or property, a felony of the third degree in violation of R.C. 2921.331(B)/(C)(5)(a)(ii); Count Two, Improper Handling Firearms in Motor Vehicle, a felony of the fourth degree in violation of R.C. 2923.16(B)/(I) ; Count Three, Tampering with Evidence (Handgun), a felony of the third degree, in violation of R.C. 2921.12(A)(1)/(B), with a one-year firearm specification in violation of R.C. 2941.141(A); Count Four, Tampering with Evidence (Baggies with white powder), a felony of the third degree, in violation of R.C. 2921.12(A)(1)/(B), with a one-year firearm specification in violation of R.C. 2941.141(A); and Count Five, Having Weapons While Under Disability, a felony of the third degree, in violation of R.C. 2923.13(A)(2)/(B).

{¶7}    As part of a negotiated plea deal, the state agreed to jointly recommend that Broom serve an aggregate fifty-four-month prison sentence. Broom agreed to forfeit the gun. Broom agreed to plead guilty to Count One and Count Four, as amended. Broom further stipulated to the findings necessary to impose consecutive sentences. The state dismissed the remaining counts, as well as the one-year firearm specifications to Count Three and Count Four.

**{¶8}** On February 26, 2024, Broom and his attorney executed a written Negotiated Guilty Plea pursuant to Crim.R. 11(F). Broom entered, and the trial judge accepted, Broom's guilty pleas in open court on that same date.

**{¶9}** On April 8, 2024, the trial judge imposed a sentence of 36 months on each count, consecutive, for an aggregate prison sentence of 72 months. Sent. T. at 9.

**{¶10}** On July 19, 2024, appellate counsel filed a Motion to Withdraw pursuant to *Anders* indicating that she sent a copy of the appellate brief to Broom. By Judgment Entry filed July 25, 2024, this Court indicated that it had received notice pursuant to *Anders*, that Broom was provided a copy of the appeal brief. We informed Broom by the same Judgment Entry that his attorney had filed an *Anders* brief on his behalf and granted him sixty days from that date, i.e. September 23, 2024, to file a pro se brief. Broom has not filed a pro se brief.

**{¶11}** The record establishes that Broom's counsel satisfied *Anders* requirements. Accordingly, we will proceed to review the proposed assignment of error to determine if any arguably meritorious issues exist, keeping in mind that,

> *Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal."
> *State v. Pullen,* 2002-Ohio-6788, ¶ 4 (2nd Dist.); *State v. Marbury,* 2003-

Ohio-3242, ¶ 7-8 (2nd Dist.); *State v. Chessman,* 2005-Ohio-2511, ¶ 16-17 (2nd Dist.).

*State v. Moore*, 2009-Ohio-1416, ¶4 (2nd Dist.).

*Proposed Assignment of Error*

**{¶12}** "I. THE TRIAL COURT ERRED IN ACCEPTING BROOM'S GUILTY PLEAS UNDER CRIM.R. 11. IT ALSO ERRED IN SENTENCING BROOM."

**The Guilty Plea**

**{¶13}** Crim. R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475(1981), *citing State v. Stewart*, 51 Ohio St.2d 86(1977).

**{¶14}** The constitutional rights are: (1) a jury trial; (2) confrontation of witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *State v. Veney*, 2008-Ohio-5200, ¶ 19. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. Id. at ¶ 31.

**{¶15}** The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment

and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13; *State v. Sarkozy*, 2008-Ohio-509, ¶ 19-26, (post-release control is a non-constitutional advisement).

{¶16}   For the non-constitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108(1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney,* 2008-Ohio-5200, at ¶15. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶15; *State v. Stewart*, 51 Ohio St.2d 86, 93(1977).

{¶17}   When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero,* 56 Ohio St.3d 106, 108-109 (1990); *State v. Lebron,* 2020-Ohio-1507, ¶9 (8th Dist.) *State v. Groves,* 2019 CA 00033, 2019-Ohio-5025, ¶7 (5th Dist.).

**Issue for Appellate Review**: *Whether the record reflects any arguably meritorious issues exist with respect to whether Broom's guilty plea was made knowingly, intelligently, and voluntarily and whether the trial judge properly sentenced Broom.*

**The Guilty Plea**

{¶18}   A written waiver of constitutional rights is presumed to have been voluntary, knowing, and intelligent. *State v. Turner*, 2005-Ohio-1938, ¶25; *State v. Clark*, 38 Ohio St.3d 252, 261 (1988); *see also, North Carolina v. Butler*, 441 U.S. 369, 374-375 (1979) (Reviewing a suspect's waiver of *Miranda* rights); *State v. McKnelly*, 2024-Ohio-2696, ¶

29 (5th Dist.). In the case at bar, we note a written plea of guilty form was signed by Broom and his attorney, and filed in the trial court. Plea T. at 4; Docket Entry Number 19.

{¶19} The negotiated plea agreement was read into the record. Plea T. at 3-4. Broom's attorney told the judge that he reviewed the plea form with his client, and that Broom indicated he understood, and was entering his plea knowingly, intelligently and voluntarily. Id. at 5.

{¶20} The trial judge told Broom that there was a joint recommendation of 54 months in prison, and that Broom forfeit the handgun. Id. at 8. The judge further told Broom that he agreed to the findings necessary to impose consecutive sentences. Broom told the judge that he understood. Id. at 8-9. The judge told Broom that the sentencing recommendation was not binding, meaning that the judge did not have to follow the recommendation. Broom told the judge he understood. Id. at 9. Broom told the trial judge that he understood the elements of the crimes, and the possible defenses that he may have to those charges. Id. at 7-8.

{¶21} The trial judge explained to Broom his right to a jury trial or a court trial. Plea T. at 11. The trial judge further explained to Broom that the state must prove his guilt beyond a reasonable doubt at trial. The trial judge further explained to Broom his right to the confrontation of witnesses against him; his right to subpoena witnesses to testify at trial, that the state must prove his guilt beyond a reasonable doubt at trial; and that he cannot be compelled to testify against himself. Plea T. at 9-10. Broom acknowledged he understood his rights. Plea T. at 9.

{¶22} The record demonstrates the trial judge very carefully adhered to Criminal Rule 11, and strictly complied with all of the requirements of Criminal Rule 11. The trial

judge conducted a complete and thorough colloquy. Broom acknowledged he understood his rights, the charges, the plea agreement, the maximum penalties, and the specific constitutional rights he was waving with the plea. The record further supports that the trial judge substantially complied with Crim.R. 11's mandates for non-constitutional rights.

**{¶23}** The record supports a conclusion that the pleas were properly entered and accepted. The record in this case shows the trial judge's compliance with Criminal Rule 11, and supports the trial judge's determination that Broom's plea was knowingly, intelligently, and voluntarily made.

### Sentence

**{¶24}** The trial judge considered the pre-sentence investigation report and Broom's letter. Sent. T. at 5. Broom agreed as part of the plea negotiation to forfeit the firearm.

**{¶25}** A joint recommendation to impose consecutive sentences eliminates the need for a trial judge to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4) and that such a sentence, once imposed, is not subject to review under R.C. 2953.08(D)(1). *State v. Sergent,* 2016-Ohio-2696, ¶30. However, we note that in the case at bar, the judge made the findings necessary to impose consecutive sentences. Sent. T. at 10-11.

**{¶26}** The trial judge told Broom before accepting his guilty pleas that he was not bound by the joint sentencing recommendation. Broom told the judge he understood. Plea T. at 9. The offenses are not allied offenses of similar import; therefore, merger is not an appropriate consideration. Post-release control was properly imposed, and the trial court considered the sentencing factors set forth in R.C. 2929.11 and R.C. 2929.12.

**Conclusion**

**{¶27}** After independently reviewing the record we find no arguably meritorious issues exist with respect to whether Broom's guilty plea was made knowingly, intelligently, and voluntarily, and as to whether the trial judge properly imposed sentence in this case.

**{¶28}** Attorney April F. Campbell's motion to withdraw as counsel for Appellant is hereby granted.

**{¶29}** The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur